**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

FIDELITY BROKERAGE
SERVICES, LLC,

                Plaintiff,

-vs-                                 Case No. 3:26-cv-1781-MMH-LLL

PETER SULLIVAN,

                Defendant,

                                     /

## O R D E R

**THIS CAUSE** is before the Court <u>sua sponte</u>.  Plaintiff initiated the instant action on July 13, 2026, by filing a five-count Complaint (Doc. 1).  Upon review, the Court finds that the Complaint constitutes an impermissible "shotgun pleading."  A shotgun complaint contains "multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint."  <u>See</u> <u>Weiland v. Palm Beach Cnty. Sheriff's Office</u>, 792 F.3d 1313, 1321 & n.11 (11th Cir. 2015) (collecting cases).  As a result, "most of the counts . . . contain irrelevant factual allegations and legal conclusions."  <u>Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.</u>, 305 F.3d 1293, 1295 (11th Cir. 2002).  Consequently, in ruling on the sufficiency of a claim, the Court is faced with the onerous task of sifting out irrelevancies in order to decide

for itself which facts are relevant to a particular cause of action asserted. <u>See id.</u> Here, Counts II–V of the Complaint incorporate by reference all allegations of all the preceding counts. <u>See</u> Complaint at 22–29.

In the Eleventh Circuit, shotgun pleadings of this sort are "altogether unacceptable." <u>Cramer v. State of Fla.</u>, 117 F.3d 1258, 1263 (11th Cir. 1997); <u>see also</u> <u>Cook v. Randolph County, Ga.</u>, 573 F.3d 1143, 1151 (11th Cir. 2009) ("We have had much to say about shotgun pleadings, none of which is favorable.") (collecting cases). Indeed, the Eleventh Circuit has engaged in a "thirty-year salvo of criticism aimed at shotgun pleadings, and there is no ceasefire in sight." <u>See</u> <u>Weiland</u>, 792 F.3d at 1321 & n.9 (collecting cases). As the Court in <u>Cramer</u> recognized, "[s]hotgun pleadings, whether filed by plaintiff or defendant, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources." <u>Cramer</u>, 117 F.3d at 1263. When faced with the burden of deciphering a shotgun pleading, it is the trial court's obligation to strike the pleading on its own initiative, and force the plaintiff to replead to the extent possible under Rule 11, Federal Rules of Civil Procedure. <u>See</u> <u>id.</u> (admonishing district court for not striking shotgun complaint on its own initiative); <u>see also</u> <u>Weiland</u>, 792 F.3d at 1321 n.10 ("[W]e have also advised that when a defendant fails to [move for a more definite statement], the district court ought to take the initiative to

2

dismiss or strike the shotgun pleading and give the plaintiff an opportunity to replead.").

In light of the foregoing, the Court will strike the Complaint and direct Plaintiff to file a corrected complaint.[1] In addition, the Court will set this matter for a status conference to address the status of Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction and Memorandum of Law in Support of [sic] Thereof (Doc. 2), filed simultaneously with the Complaint. As it appears from the Motion that Plaintiff's counsel is in contact with counsel for Defendant, the Court will direct Plaintiff to promptly provide defense counsel with a copy of this Order. Accordingly, it is

**ORDERED**:

1. The Complaint (Doc. 1) is **STRICKEN**.

2. Plaintiff shall file a corrected complaint[2] consistent with the directives of this Order on or before **July 21, 2026**. Failure to do so may result in a dismissal of this action.

---

[1] The Court also notes that Count I is styled as a claim for "Injunctive Relief." See Complaint at 21. However, a traditional injunction is a remedy and not a freestanding cause of action. See Klay v. United Healthgroup, Inc., 376 F.3d 1092, 1098 (11th Cir. 2004) ("There is no such thing as a suit for a traditional injunction in the abstract. For a traditional injunction to be even theoretically available, a plaintiff must be able to articulate a basis for relief that would withstand scrutiny under [Rule] 12(b)(6) (failure to state a claim)."). As such, when drafting its corrected complaint, Plaintiff should remove its "claim" for injunctive relief from Count I.

[2] The filing of the corrected complaint does not affect any right Plaintiff may have to amend as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1).

3.   Defendant shall respond to the corrected complaint in accordance with the requirements of Rule 15 of the Federal Rules of Civil Procedure.

4.   Plaintiff is **directed** to immediately serve a copy of this Order on Defendant's counsel.

5.   A hearing in this matter is set for **WEDNESDAY, JULY 15, 2026, at 10:00 A.M.**, before the Honorable Marcia Morales Howard, United States District Judge.  The hearing will be held by video teleconferencing using Zoom.[3]

**DONE AND ORDERED** in Jacksonville, Florida, on July 14, 2026.

**MARCIA MORALES HOWARD**
United States District Judge

lc11
Copies to:

Counsel of Record

---

[3] The Courtroom Deputy Clerk will separately send participants an Outlook invitation with the link, meeting ID, and password.  Participants should dress in appropriate court attire and appear in front of an appropriate professional background.  All persons are hereby reminded that pursuant to Local Rule 5.01, United States District Court, Middle District of Florida, "[n]o one may broadcast, televise, record, or photograph a judicial proceeding, including a proceeding by telephone or video."  Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court.

4